O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-6333 AHM (AJWx) | Date | May 20, 2009 |
|---|---|---|---|
| Title | CONTINENTAL CASUALTY COMPANY v. FENIGSTEIN & KAUFMAN, et al. | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Stephen Montes | Not Reported | | |
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |

Attorneys **NOT** Present for Plaintiffs:      Attorneys **NOT** Present for Defendants:

**Proceedings:**      IN CHAMBERS (No Proceedings Held)

## I. INTRODUCTION

On September 25, 2008, Plaintiff Continental Casualty Company ("Continental") filed this action for declaratory relief against two sets of defendants. The first set, referred to below as the "F&K Defendants," includes Fenigstein & Kaufman ("F&K"), Sherwyn Jack Fenigstein, Ron Kaufman, and David Tilles. The second set, referred to below as the "Gardner Defendants," includes The Gardner Family Trust of 1984, Andrew Gardner (individually and as trustee of the Gardner Family Trust of 1984), Topanga Facilities LLC, 22125 Roscoe Corp., Topanga-Roscoe Corp., and Cary Buchanan. Continental seeks a declaration that a lawyers' professional liability policy it issued to F&K contains exclusions that preclude coverage for some of the allegations asserted against the F&K Defendants in a malpractice lawsuit filed in California state court by the Gardner Defendants (referred to below as the "Malpractice Action"). Continental also seeks a declaration that there is no coverage for punitive damages. On January 15, 2009, the F&K Defendants filed a Counterclaim against Continental, alleging claims for breach of the covenant of good faith and fair dealing, breach of contract, and declaratory relief. The gravamen of their Counterclaim is that Continental has a duty to defend and indemnify them in the Malpractice Action, and that its denial of that duty has prejudiced their efforts to resolve the Malpractice Action. On February 27, 2009, Continental moved to dismiss and to strike the F&K Defendants' counterclaim, in part because Continental believes that two of the F&K Defendants' counterclaims will not "ripen" unless the Malpractice Action results in a judgment in excess of policy coverage limits.

On March 2, 2009, the F&K Defendants moved to stay the proceedings for all claims, including their own counterclaims, in this matter pending resolution of the

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-6333 AHM (AJWx) | Date | May 20, 2009 |
|---|---|---|---|
| Title | CONTINENTAL CASUALTY COMPANY v. FENIGSTEIN & KAUFMAN, et al. | | |

Malpractice Action in state court. The parties then stipulated to continue the hearing on the motion to dismiss. For the reasons stated below, the Court GRANTS the motion to stay adjudication of the claims and counterclaims in this action.

**II.     THE F&K DEFENDANTS' MOTION TO STAY**

Continental's action was filed pursuant to the Declaratory Judgment Act ("DJA"), which provides that:

> In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, *may* declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201(a) (emphasis added). There is no question that this Court may exercise jurisdiction over Continental's action under the DJA. The F&K Defendants contend that for prudential reasons it ought not do so until the Malpractice Action is resolved.

**1.     Prudential Factors Affecting the Motion to Stay**

The determination of the appropriateness of entertaining an action under the DJA is within the discretion of the district court. *Gov't Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1223 (9th Cir. 1998) ("*Dizol*"). "Of course, this discretion is not unfettered. '[A] District Court cannot decline to entertain such an action as a matter of whim or personal disinclination.'" *Id.* (quoting *Public Affairs Assocs. v. Rickover*, 369 U.S. 111 (1962)). The factors the court should consider are whether the declaratory action will result in needless determination of state law issues, encourage forum shopping, or constitute duplicative litigation. *Id.* at 1225 (citing *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491 (1942), and describing these factors as "the philosophic touchstone[s]"). The court may also consider whether the action will settle all aspects of the controversy, or will clarify the legal relations at issue; whether the declaratory action is being sought merely for the purposes of "procedural fencing" or to obtain a res judicata advantage; whether the action will result in "entanglement between the federal and state court systems"; the convenience of the parties; and the availability and relative convenience of other

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-6333 AHM (AJWx) | Date | May 20, 2009 |
|---|---|---|---|
| Title | CONTINENTAL CASUALTY COMPANY v. FENIGSTEIN & KAUFMAN, et al. | | |

remedies." *Id.* at 1225 n.5. "If there are parallel state proceedings involving the same issues and parties pending at the time the federal declaratory action is filed, there is a presumption that the entire suit should be heard in state court. . . . However, there is no presumption in favor of abstention in declaratory actions generally, nor in insurance coverage cases specifically." *Id.* at 1225 (citations omitted). If a party properly raises the issue, the court "must make a sufficient record of its reasoning to enable appropriate appellate review." *Dizol*, 133 F.3d at 1225.

If the court finds that the above factors weigh against adjudicating an action for a declaratory judgment, it may stay an action rather than dismissing it. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 n.2 (1995) ("[W]here the basis for declining to proceed is the pendency of a state proceeding, a stay will often be the preferable course, because it assures that the federal action can proceed without risk of a time bar if the state case, for any reason, fails to resolve the matter in controversy."). *See, e.g., Phoenix Assurance PLC v. Marimed Found. for Island Health Care Training*, 125 F. Supp. 2d 1214 (D. Haw. 2000).

## 2. Application of the Factors to this Case

The F&K Defendants' primary contention is that this federal action should be stayed because both Continental's action for declaratory judgment and the Gardner Defendants' state court action for malpractice hinge on the same factual issue: whether and when the F&K Defendants held an equity interest in Topanga Facilities, LLC ("Topanga Facilities").

This question is relevant to Continental's action because it alleges that coverage is not available due to the Gardner Defendants' allegation in the Malpractice Action that a conflict of interest arose out of the F&K Defendants' ownership interest in Topanga Facilities. Specifically, Continental alleges in this declaratory judgment action that coverage is precluded by: (1) An exclusion in the policy for claims arising out of an insured's capacity as a "former, existing or prospective officer, director, shareholder, partner or manager of a business enterprise" (unless the insured discloses any such capacity). Compl. ¶¶ 45, 51-53. (Continental refers to this provision as "Exclusion F."); (2) An exclusion in the policy for claims arising out of legal services performed for any business enterprise if at the time of the act or omission giving rise to the claim an insured

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-6333 AHM (AJWx) | Date | May 20, 2009 |
|---|---|---|---|
| Title | CONTINENTAL CASUALTY COMPANY v. FENIGSTEIN & KAUFMAN, et al. | | |

controlled the enterprise or was more than a 10% shareholder. Compl. ¶¶ 46, 51-53. (Continental refers to this provision as "Exclusion H."); and (3) California public policy, because any settlement reached or judgment rendered in the Malpractice Action "will personally benefit the Insureds through their preferred equity interests in Topanga Facilities." Compl. ¶ 55.

The question of whether and when the F&K Defendants held an equity interest in Topanga Facilities, LLC is also relevant to the state court Malpractice Action. That action arises in part from advice the F&K Defendants allegedly gave to some of the Gardner Defendants as to a lawsuit brought against the Gardner Defendants relating to a transaction involving Topanga Facilities, LLC (the "Property Action").[1] Morris Decl., Exh. 2, ¶ 24.[2] The Gardner Defendants allege in the Malpractice Action that the F&K Defendants had a conflict of interest because they held an equity interest in Topanga Facilities that they failed to disclose. They allege claims of negligence (attorney malpractice), breach of contract, and breach of fiduciary duty. Morris Decl., Exh. 2, ¶¶ 19, 33, 40, 46. In that case, the state court has ruled on a demurrer, discovery motions, and a motion for summary judgment. Morris Decl., Exh. 3.[3] Trial is set for August 12, 2009. *Id.*

That Continental's federal action and the Gardner Defendants' state action rely on the same factual predicate means that if this Court adjudicates Continental's action now it may well "step on the toes" of the state court. It would be imprudent to take this risk of allowing duplicative litigation, and it would undermine the principles of comity that are embodied in the factors identified by the Ninth Circuit in *Dizol* and the Supreme Court in *Brillhart*. *See, e.g., Employers Reins. Corp. v. Karussos*, 65 F.3d 796, 800 (9th Cir.

---

[1] The Malpractice Action also arises in part from another lawsuit, but the Court need not discuss all of the elements of the underlying action in order to render a decision on this motion to stay.

[2] The Court takes judicial notice of the Complaint in the Malpractice Action, which is attached to the Declaration of Risa J. Morris as Exhibit 2.

[3] The Court takes judicial notice of the docket in the Malpractice Action, which is attached to the Declaration of Risa J. Morris as Exhibit 3.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-6333 AHM (AJWx) | Date | May 20, 2009 |
|---|---|---|---|
| Title | CONTINENTAL CASUALTY COMPANY v. FENIGSTEIN & KAUFMAN, et al. | | |

1995), *overruled on other grounds by Gov't Employees Ins. Co. v. Dizol*, 133 F.3d 1220 (9th Cir. 1998); *Am. Nat'l Fire Ins. Co. v. Hungerford*, 53 F.3d 1012, 1017 (9th Cir. 1995), *overruled on other grounds by Dizol*; *Phoenix Assurance PLC v. Marimed Found. for Island Health Care Training*, 125 F. Supp. 2d 1214, 1223 (D. Haw. 2000).

      Continental contends that "[t]his Court will not require any facts that will be determined in the Malpractice Action, and will not be asked to adjudicate any factual . . . issues that would have an impact on or conflict with rulings to be made in the Malpractice Action." Opp. at 9. But it offers no support for this assertion. Continental simply avers that "the state court is not deciding whether the F&K Defendants owned more than 10% of Topanga facilities — that fact is not disputed. Rather it is determining (among many other issues) whether that undisputed ownership resulted in an impermissible conflict of interest." Opp. at 13. This Court has no evidentiary basis to conclude that this issue is in fact undisputed. But even if it is undisputed, there is still the question of *when* the F&K Defendants acquired that interest, and Continental does not argue that this issue is undisputed.

      Continental also argues in a footnote in its Opposition to the stay motion that the Policy exclusions do not turn on whether there was an actual conflict of interest, but rather on whether the *alleged* conflict of interest arose out of the F&K Defendants' undisputed ownership interest in Topanga Facilities. Opp. at 13 n.7. But Exclusion H states that "The Policy . . . excludes coverage for: any claim based on or arising out of legal services performed for any . . . business enterprise . . . not named in the Declarations, *if at the time of the act or omission giving rise to such claims . . . any Insured controlled, operated or managed or intended to control, operate or manage such enterprise . . . or . . . any Insured was . . . more than a 10% shareholder . . . .*" Compl. ¶ 46 (italics added; original bold removed). The applicability of this exclusion thus depends on whether or not the F&K Defendants did in fact have the control and ownership interest alleged in the Complaint. *See* Compl. ¶ 52. It does not depend merely on whether there is such an allegation in the Malpractice Allegation.

      Continental also argues that the Court should not stay this action because the F&K Defendants have filed a counterclaim. This argument is based upon a misreading of *Dizol*, and the district court case that followed it. In *Dizol*, the Ninth Circuit noted that "when other claims are joined with an action for declaratory relief (*e.g.*, bad faith, breach

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-6333 AHM (AJWx) | Date | May 20, 2009 |
|---|---|---|---|
| Title | CONTINENTAL CASUALTY COMPANY v. FENIGSTEIN & KAUFMAN, et al. | | |

of contract, breach of fiduciary duty . . .) the district court should not, as a general rule, remand or decline to entertain the claim for declaratory relief." *Dizol*, 133 F.4d at 1225 (citation omitted). The court explained in a footnote that "[b]ecause claims of bad faith, breach of contract, breach of fiduciary duty and rescission provide an independent basis for federal diversity jurisdiction, the district court is without discretion to remand or decline to entertain these causes of action. Indeed, the district court has a 'virtually unflagging' obligation to exercise jurisdiction over these claims." *Id.* at 1225 n.6 (citation omitted). But the claims raised by the F&K Defendants are raised in a *counterclaim*, and this Court's "virtually unflagging" obligation to exercise jurisdiction arises out of allegations in the complaint, not the counterclaim. *See Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826 (2002); Schwarzer, Tashima & Wagstaffe, *Cal. Prac. Guide: Fed. Civ. Pro. Before Trial* § 2:116.6 ("[A] counterclaim . . . cannot serve as the basis for 'arising under' jurisdiction'").

The Court also notes that Continental itself argues in its pending motion to dismiss that two of the F&K Defendants' counterclaims will not be ripe unless the Malpractice Action results in a judgment that exceeds the policy's coverage limit. If Continental is correct, then this is an additional prudential reason for this Court to stay this action.

The likelihood of duplicative litigation on facts material to this action and the state action outweigh Continental's concern that if its action is not adjudicated now the F&K Defendants' counterclaims of bad faith will "hang over Continental like the Sword of Damocles while it considers repeated settlement demands in the underlying action."

## III. CONCLUSION

For the reasons stated above, the Court GRANTS the motion to stay the claims and counterclaims in this action, pending a resolution of the case in state court.[4] Continental's pending motion to dismiss[5] is hereby DENIED without prejudice. Continental may re-file the motion if and when the stay is lifted. The parties are ORDERED to file a joint status report with this Court no later than seven days from

---

[4] Docket No. 26.

[5] Docket No. 23.

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-6333 AHM (AJWx) | Date | May 20, 2009 |
|---|---|---|---|
| Title | CONTINENTAL CASUALTY COMPANY v. FENIGSTEIN & KAUFMAN, et al. | | |

resolution of the state court case, or August 20, 2009, whichever comes earlier, disclosing the status of the state court case. If the state case has not been resolved by August 20, 2009, the parties must file updated status reports every 45 days thereafter.

No hearing is necessary. Fed. R. Civ. P. 78; L. R. 7-15.

|  | : |  |
|---|---|---|
| Initials of Preparer | SMO | |